NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3038

MAYRA R. HERNANDEZ,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Mayra R. Hernandez, of Kingwood, Texas, pro se.

Armando A. Rodriquez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3038

MAYRA R. HERNANDEZ,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in DA-0752-07-0301-I-2.

_____

DECIDED:   May 8, 2009

_____

Before MAYER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Mayra R. Hernandez appeals the final order of the Merit Systems Protection Board denying her petition for review of the initial decision affirming the Department of Homeland Security's ("agency") action in removing her from the position of Criminal Investigator. Hernandez v. Dep't of Homeland Sec., No. DA-0752-07-0301-I-2 (M.S.P.B. Sept. 11, 2008). The board concluded that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation affecting the outcome. Id.; 5 C.F.R. § 1201.115(d). We affirm.

Hernandez was removed from her position as a Criminal Investigator, effective March 9, 2007, on four charges: (1) providing a false statement to assist her mother in obtaining U.S. citizenship; (2) making false statements, misstatements, and omissions during an official investigation; (3) misusing government equipment; and (4) failing to cooperate in an official investigation. The board sustained the agency's first three charges. With respect to charge one, in 2001, Hernandez stated in a sworn affidavit that her mother lived with her in the United States for the preceding ten years. However, on her 1997 Questionnaire for National Security Positions ("QNSP"), she reported her mother's address as "Rafael Solis, #1101 Colonia Aurora in Matamoras, Mexico." To explain the discrepancy, Hernandez said that her mother used her address as a permanent address, and that is why she stated that her mother had lived with her for the past ten years, even though she spent some of the same time period living in Mexico.

Regarding charge two, in 2004, Hernandez signed an adoption-related court document indicating that she was still married to Aurelio Hernandez, whom she divorced in 1997. In 2005, she signed a contradictory affidavit, stating that she and her ex-husband never represented themselves to be married since their divorce. She defended her actions by stating that she signed the first affidavit without reviewing the accompanying documentation. In addition, on a 2003 QNSP Hernandez misstated her income for child support payments, and in 2004, she falsely stated that the information provided in her 2001 sworn affidavit was true, including the statement that her mother lived in the United States since 1980 on a permanent basis.

The agency next charged her with misusing government equipment because an agency search of the Treasury Enforcement Communications System ("TECS") revealed that she had queried her own name and home address in direct violation of TECS rules. Despite formal training and certification on accessing the TECS, she denied knowledge that searching her own name and home address in the system was prohibited. The board did not sustain the agency's fourth charge, namely, that Hernandez failed to cooperate during an official investigation.

On appeal, Hernandez asserts that the board failed to review her petition, and instead, simply followed the Administrative Judge's decision. She argues that the agency's removal penalty was in retaliation for personal rather than professional issues, and was excessive in light of her performance record. The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The board found, and the parties do not dispute, that Hernandez made false statements in connection with her mother's citizenship application regarding her mother's residence, her income, and her daughter's adoption by her ex-husband. There is likewise no dispute that Hernandez accessed the TECS and queried her own name and home address.

The board found Hernandez's explanation for providing incorrect information on the affidavit in support of her mother's application for United States citizenship not credible. Because she provided a detailed explanation of why her mother lived with her

continuously for ten years, the board found that Hernandez intentionally omitted the fact that her mother also lived for a time with her brothers and in Mexico during the ten years at issue. The board also did not credit Hernandez's explanation with respect to charge two, because as a trained criminal investigator who had attended law school, she would not likely sign an affidavit without reading the accompanying petition. Finally, the board sustained the agency's charge of misuse of government equipment. It credited the agency's training academy instructor's testimony that employees were specifically trained never to query their own names, and never to access TECS for anything other than official agency business, over Hernandez's testimony, which it found to be inconsistent. The board's fact finding function is benefited by the opportunity to hear live testimony and assess witness demeanor and credibility first-hand. Substantial evidence supports the board's determinations that the agency met its burden of proving by preponderant evidence that Hernandez knowingly supplied false information with the intention of defrauding the agency and court, and misused government equipment.

With respect to the removal penalty, the board independently balanced the relevant Douglas factors, including Hernandez's disciplinary history, satisfactory performance reviews, the gravity of her misconduct, and its relation to the efficiency of the service. In determining that the penalty of removal was within the tolerable limits of reasonableness, the board found that Hernandez's lack of prior disciplinary actions and satisfactory performance reviews could not counterbalance the seriousness of her misconduct and her supervisor's loss of trust in her integrity and honesty. A very high standard of honesty and credibility is expected of law enforcement officers because of the public trust and confidence attendant to their job responsibilities. Moreover,

Hernandez's record of false statements could affect her credibility if she needed to testify in court as a government witness. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972). Finally, because Hernandez did not acknowledge any wrongdoing or express any regret for her actions, the board found her likelihood for rehabilitation slight. Because the board applied the appropriate legal standards, and substantial evidence supports its conclusions, its decision must stand.